# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:16-CR-214 |
| | : |
| v. | : (Chief Judge Conner) |
| | : |
| **MOHAMMED RIZK,** | : |
| | : |
| **Defendant** | : |

## ORDER

AND NOW, this 17th day of August, 2017, upon consideration of the omnibus motion (Doc. 55) *in limine* by defendant Mohammed Rizk ("Rizk") filed on August 11, 2017, wherein Rizk submits a twofold request: *first*, that the court exclude from admission at trial any reference to the Dauphin County District Attorney's current prosecution of Rizk for related charges, a photograph of Rizk standing next to a 2006 Mercedes Benz vehicle that bears a license plate reading "RIZK 4," reference to the Federal Public Defender's Office or to Rizk's counsel's employment with the Federal Public Defender's Office, and any reference to Rizk's religion; and *second*, that the court deem admissible, under Federal Rules of Evidence 803(9) and 902(4), a state court custody order granting shared legal and physical custody to Rizk and his late ex-wife, Lori S. Rizk, dated April 29, 2004; a death certificate for Lori S. Rizk dated May 14, 2014; a state court custody complaint dated June 18, 2014; and a state court order declaring the purported last will and testament of Lori S. Rizk invalid, dated April 4, 2015; and turning first to the requested exclusions, the court noting that the government does not oppose Rizk's requests to exclude reference to the pending Dauphin County prosecution, the Federal Public Defender's Office, or

Rizk's religion, and further does not intend to introduce the photograph depicting Rizk standing next to a Mercedes Benz vehicle, but reserves the right to do so if Rizk testifies and his testimony makes the photograph relevant and probative, (Doc. 63 at 6-7), and turning second to Rizk's request that the court deem certain evidence admissible, the court observing that the request is premature, as the court currently has no basis to assess probative value or the potential of the evidence to prejudice either party, confuse the issues, or mislead the jury, see FED. R. EVID. 401, 403, and that evidentiary determinations of this nature are best reserved for trial to allow the court to rule in proper context, it is hereby ORDERED that:

1. Rizk's motion (Doc. 55) is GRANTED and the following shall be inadmissible at trial:

    a. Reference to or evidence of the Dauphin County District Attorney's current prosecution of Rizk for related charges;

    b. Reference to or evidence of the Federal Public Defender's Office or Rizk's counsel's employment with the Federal Public Defender's Office; and

    c. Reference to or evidence of Rizk's religion.

2. Rizk's motion (Doc. 55) is DENIED as moot with respect to the photograph of Rizk standing next to a 2006 Mercedes Benz in view of the government's agreement not to introduce same during its case in chief. Denial of Rizk's motion is without prejudice to the government's right to seek to introduce the photograph if the government believes Rizk's presentation at trial opens the door thereto and also without prejudice to Rizk's right to object if the government does seek to introduce the photograph.

3. Rizk's motion (Doc. 55) is DENIED without prejudice to the extent it seeks a ruling on the admissibility of the state court custody order granting shared legal and physical custody to Rizk and his late ex-wife, Lori S. Rizk, dated April 29, 2004; the death certificate for Lori S. Rizk dated May 14, 2014; the state court custody complaint dated June 18, 2014; and the state court order declaring the purported last will and testament of Lori S. Rizk invalid, dated April 4, 2015. Rulings on the admissibility of this evidence are deferred until trial.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania