# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:16-CR-214 |
| | : |
| v. | : (Chief Judge Conner) |
| | : |
| **MOHAMMED RIZK,** | : |
| | : |
| **Defendant** | : |

## ORDER

AND NOW, this 20th day of December, 2017, upon consideration of the motion (Doc. 110) for new trial pursuant to Federal Rule of Criminal Procedure 33(a) by defendant Mohammed Rizk ("Rizk"), and the government's brief (Doc. 112) in opposition thereto, and the court observing that Federal Rule of Criminal Procedure 33(a) provides that, upon a defendant's motion for new trial, "the court may vacate any judgment and grant a new trial if the interest of justice so requires," FED. R. CRIM. P. 33(a), and that the defendant bears the burden of persuading the trial court that (1) an error occurred at trial and (2) the error had a "substantial influence" on the jury verdict," United States v. Amirnazmi, 648 F. Supp. 2d 718, 720 (E.D. Pa. 2009), aff'd, 645 F.3d 564 (3d Cir. 2011); see United States v. Hammer, 25 F. Supp. 2d 518, 534 (M.D. Pa. 1998), but further observing that courts grant such motions "sparingly and only in exceptional circumstances," United States v. Silveus, 542 F.3d 993, 1005 (3d Cir. 2008) (quoting Gov't of V.I. v. Derricks, 810 F.2d 50, 53 (3d Cir. 1987)), which circumstances include cases in which trial errors

"so infected the jury's deliberations that they had a substantial influence on the outcome of the trial," United States v. Thornton, 1 F.3d 149, 156 (3d Cir. 1993) (citation omitted), and that, ultimately, the decision to grant or deny a new trial rests within the sound discretion of the trial court, see United States v. Vitillo, 490 F.3d 314, 325 (3d Cir. 2007), and the court noting that Rizk oppugns a single evidentiary ruling rendered during his four-day jury trial—to wit, the court's determination that concerns of issue confusion under Federal Rule of Evidence 403 outweighed any relevance attributable to a county court order invalidating the purported last will and testament of Lori A. Rizk, the defendant's deceased ex-wife, which document appeared to grant custody of the Rizks' daughters to their maternal grandparents rather than the defendant, (see Doc. 108 at 3:17-5:4, 44:7-45:9)—and that Rizk specifically asserts that by excluding the county court order, the court deprived the jury of objective evidence corroborating his defense that he believed in good faith that he was his daughters' legal guardian at the time he applied for and collected Social Security survivor benefits on behalf of both of his daughters and life insurance benefits on behalf of his oldest daughter, (see Doc. 111 at 3-4), and the court finding, as a threshold matter, that Rizk fails to identify error in the court's evidentiary ruling, but merely reiterates arguments made by former

counsel and rejected by the court at trial,[1] and noting, assuming error *arguendo*, that the jury nonetheless heard testimony from Rizk as to his subjective belief concerning the guardianship dispute and steps taken to have his two daughters returned to his home, (Doc. 108 at 57:20- 64:22), and further heard testimony from a police officer concerning Rizk's abiding efforts to regain custody of his children, (see id. at 127:24-138:12), but that the jury nonetheless credited the overwhelming record evidence supporting its verdict that Rizk misrepresented to the Social Security Administration that his daughters resided with him, when he was aware that they did not, in order to collect monthly payments intended for their benefit, and further made misrepresentations to Prudential Life Insurance Company and ultimately collected for himself life insurance benefits intended for his oldest daughter, and the court concluding that exclusion of the county court order did not have a "substantial influence" on the jury verdict, see Amirnazmi, 648 F. Supp. 2d at 720, aff'd, 645 F.3d 564, and that the interest of justice does not warrant a new

---

[1] We reiterate our prior holding that any marginal relevance attributable to the proposed exhibit is outweighed by substantial concerns of confusing the issues for the jury. See FED. R. EVID. 403. As a threshold matter, the claimed relevance of the county court order is dubitable. The order does not establish Rizk as his daughters' legal guardian. Nor does it corroborate his subjective belief that he was his daughters' legal guardian. Indeed, as Rizk himself notes in his instant motion, the order evinces at best that "the minor alleged victims *had no legal guardian*." (Doc. 111 at 3 (emphasis added)). We reaffirm that introduction of minimally-relevant evidence of competing wills—a legal dispute which, at the time, was apparently unresolved by the county court—ran too great a risk of confusing the issues and inviting a "mini trial" in the jury room over the merits of the will. (Doc. 108 at 43:14-44:16).

trial *sub judice*, see FED. R. CRIM. P. 33(a), it is hereby ORDERED that Rizk's motion (Doc. 110) for new trial is DENIED.

                                      /S/ CHRISTOPHER C. CONNER
                                      Christopher C. Conner, Chief Judge
                                      United States District Court
                                      Middle District of Pennsylvania