**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:16-CR-214** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **MOHAMMED RIZK,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 24th day of January, 2018, upon consideration of the
government's motion (Doc. 115) for preliminary order of forfeiture and the response
(Doc. 116) of defendant Mohammed Rizk ("Rizk") thereto, and it appearing that the
superseding indictment sought forfeiture of any property constituting or derived
from proceeds Rizk obtained directly or indirectly as a result of the violations
alleged in said indictment, specifically identifying United States currency obtained
as a result of the offenses charged, and further provided that, should the described
currency have been dissipated by the defendant prior to forfeiture, the United
States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C.
§ 853(p), (see Doc. 35 at 9-10), and it further appearing that Rizk was tried before
a jury of his peers and convicted on all charges in the superseding indictment,
(see Doc. 80), and the court having jurisdiction pursuant to 21 U.S.C. § 853, and
recognizing that, per Federal Rule of Criminal Procedure 32.2(b)(1)(A), the court
shall, "[a]s soon as practicable after a verdict or finding of guilty . . . on any count
in an indictment . . . regarding which criminal forfeiture is sought, . . . determine
what property is subject to forfeiture under the applicable statute" and "[i]f the

government seeks a personal money judgment, . . . must determine the amount of money that the defendant will be ordered to pay," FED. R. CRIM. P. 32.2(b)(1)(A), and the court finding, based upon the jury verdict and the record at trial, that Rizk acquired the property at issue—to wit: $123,256.65 in United States Currency— during the period of his violations of 18 U.S.C. § 1343 and 18 U.S.C. § 641 and that there was no likely source for such property other than the violations of 18 U.S.C. § 1343 and 18 U.S.C. § 641, and the court thus concluding that the property is subject to forfeiture because the government has established the requisite nexus between the property and the offenses, see FED. R. CRIM. P. 32.2(b)(1), it is hereby ORDERED that:

1. The government's motion (Doc. 115) is GRANTED as set forth in the following paragraphs.

2. The court has determined, based upon the jury's guilty verdict, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and that the government has established the requisite nexus between such property and such offenses.

   a. The defendant personally obtained $123,256.65 in United States Currency through wire fraud in violation of 18 U.S.C. § 1343 and theft of public money in violation of 18 U.S.C. § 641;

   b. Because the defendant dissipated the above-described proceeds derived from his criminal violations, the United States may seek, as a substitute asset pursuant to 21 U.S.C. § 853(p), forfeiture of any of the defendant's property up to the value of $123,256.65 in United States Currency.

3. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

4.    The United States shall have clear title to the subject properties, following the court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

5.    Any claim filed with the seizing agency in an administrative proceeding and any petition filed in a related civil action are not a substitute for the claim that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

6.    Upon adjudication of all third-party interests, the court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

7.    The court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

8.    The Clerk of Court shall provide certified copies of this order to Assistant U.S. Attorney Jenny P. Roberts, U.S. Attorney's Office, Middle District of Pennsylvania

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania