IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:16-CR-214 |
| | : | |
| v. | : | (JUDGE CONNER) |
| | : | (MAGISTRATE JUDGE CARLSON) |
| | : | |
| MOHAMMED RIZK | : | FILED ELECTRONICALLY |
| Defendant | : | |

**BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**

**I.     Procedural History**

On March 16, 2022, the United States Probation Office filed a Petition for Revocation of Mohammed Rizk's Supervised Release. (Doc. 180). This Court issued a Summons as to Mr. Rizk on March 17, 2022, which was returned executed on March 23, 2022. (Docs. 181, 183). On April 4, 2022, the Probation Office filed a Superseding Petition for Revocation. Mr. Rizk appeared for a preliminary hearing on April 5, 2022, at which time Attorney Enid W. Harris was appoint as counsel for Mr. Rizk. (Doc. 189). Mr. Rizk was ordered released on conditions pending a final revocation hearing on June 1, 2022. (Docs. 191, 193).

On May 18, 2022, Mr. Rizk filed a request for substitute counsel. (Doc. 194). On May 20, 2022, the United States filed a motion to continue the final hearing because of the probation officer's unavailability. (Doc. 196). The Court granted the United States' motion and continued the final revocation hearing until July 12, 2022. (Doc. 198). Mr. Rizk was arrested on May 25, 2022, and Attorney

Daniel Myshin was appointed to represent him only for the purposes of a bail revocation hearing. (Docs. 201, 204). The Court ordered Mr. Rizk detained. (Doc. 203). On June 3, 2022, Mr. Rizk appeared before the Court for a preliminary hearing, which he waived, and a detention hearing after which he was again ordered detained pending a final revocation hearing on July 12, 2022. (Doc. 206). On June 17, 2022, this Court granted Mr. Rizk's request for substitute counsel, terminated Attorney Harris, and appointed the undersigned as counsel for Mr. Rizk. (Doc. 208).

At undersigned counsel's request, Mr. Rizk's final revocation hearing was continued until September 13, 2022. (Doc. 210). After serving more than three months in Dauphin County prison, Mr. Rizk now respectfully requests that this Court release him to enable him to prepare his defense in a pending Dauphin County matter and this supervised release proceeding.

## II. This Court may reconsider the Detention Order of May 25, 2022.

A defendant being held on alleged supervised release violations may be released where the defendant "establish[es] by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community." 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6). "The fundamental precept of the Bail Reform Act mandates the release of individuals so long as the court can be reasonably assured the defendant does not pose a flight risk or danger to the

community.  18 U.S.C. § 3142.  To the extent that conditions, or a combination of conditions, can be fashioned to reasonably provide such assurances, the individual must be released, as detention is 'the carefully limited exception.'" *United States v. Miller*, No. 19-cr-259, 2020 U.S. Dist. LEXIS 70601, *8 (M.D. Pa. Apr. 22, 2020) (Carlson, J.) (quotations omitted).

"A judicial officer has inherent power to reconsider his or her own order." *United States v. Merlino*, 99-cr-363-01, 1999 U.S. Dist. LEXIS 19114, at *6 (E.D. Pa. Dec. 15, 1999) (citing Fed. R. Civ. P. 60(b)); *see also United States v. Cagle*, 3:15-CR-36, 2020 WL 2341415, at *4 (M.D. Pa. May 11, 2020) ("In both civil and criminal cases, district courts possess inherent power to reconsider interlocutory orders 'when it is consonant with justice to do so.'") (quoting *United States v. Byrd¸* 1:14-CR-321, 2019 WL 3532159, at *1 (M.D. Pa. Aug. 2, 2019)).

Circumstances have changed since this Court entered its order.  Mr. Rizk will agree to any additional conditions of release this Court finds appropriate.

## III. Conclusion

For the foregoing reasons, Mohammed Rizk requested that this Honorable Court hold a hearing as soon as practicable to consider this Motion for Reconsideration.

McNEES WALLACE & NURICK LLC

By */s/ Sarah Hyser-Staub*
   Sarah Hyser-Staub
   PA I.D. No. 315989
   100 Pine Street
   P.O. Box 1166
   Harrisburg, PA  17108-1166
   (717) 237-5473 (p)
   (717-237-5300 (f)
   sstaub@mcneeslaw.com

*Counsel for Mohammed Rizk*

Date:  September 2, 2022

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Motion via ECF on the following:

Jaime M. Keating
Assistant United States Attorney
United States Attorney's Office
228 Walnut Street, Room 220
Harrisburg, PA 17108
*Jaime.Keating@usdoj.gov*

       McNEES WALLACE & NURICK LLC

       By */s/ Sarah Hyser-Staub*
           Sarah Hyser-Staub
           PA I.D. No. 315989
           100 Pine Street
           P.O. Box 1166
           Harrisburg, PA  17108-1166
           (717) 237-5473
           sstaub@mcneeslaw.com

       *Counsel for Mohammed Rizk*

Date:  September 2, 2022