UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CR. NO. 1:16-CR-00214 |
| | : |
| v. | : (Chief Judge Conner) |
| | : |
| MOHAMMED RIZK | : (Filed Electronically) |

**UNITED STATES' BRIEF REGARDING STANDARDS OF REVIEW APPLICABLE TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255**

I.   Ineffective Assistance Claims in General

Since Rizk's collateral review claims are primarily cloaked in the ubiquitous claim of ineffective assistance of counsel, a review of the controlling law in this area is appropriate.

To establish an ineffective assistance claim, a defendant must prove two separate components.  First, he must show that counsel's performance was deficient.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Second, a defendant must prove actual prejudice.  "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id. Accord, Harrington v. Richter*, 562 U.S. 86, 104 (2011).

The standard that defendant must meet is both "rigorous" and "highly demanding," and requires a showing of "gross incompetence" on counsel's part. *Kimmelman v. Morrison,* 477 U.S. 365, 381-82 (1986). *See also Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000) ("Under *Strickland*, counsel's representation must be only objectively reasonable, not flawless or to the highest degree of skill"). If defendant fails to establish *either* component – deficient performance or prejudice – this Court "must dismiss the claim." *United States v. Sanchez-Cervantes,* 282 F.3d 664, 672 (9th Cir. 2002).

The reasonableness of counsel's conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. The test is "not whether another lawyer, with the benefit of hindsight, would have acted differently," or "what defense counsel could have pursued." *Babbitt v. Calderon,* 151 F.3d 1170, 1173 (9th Cir. 1998) (internal quotation marks and citation omitted). *See also Turner v. Calderon,* 281 F.3d 851, 876 (9th Cir. 2002) (the court must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time") (internal

quotation marks and citation omitted). Judicial scrutiny is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689; *Harrington*, 562 U.S. at 104. *See also Gulbrandson v. Ryan*, 738 F.3d 976, 988 (9th Cir. 2013) (the presumption of reasonableness "means that not only do [courts] give the attorneys the benefit of the doubt," they also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did") (internal quotation marks and citation omitted). Since there are "countless ways to provide effective assistance in any given case," strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 689-90.

*Strickland* sets a "high bar" for ineffective assistance claims and surmounting it "is never an easy task." *Harrington*, 562 U.S. at 105 (internal quotation marks and citation omitted). The *Strickland* standard is "a most deferential one" that must be applied "with scrupulous care." *Id.* It is "all too tempting to second-guess counsel's assistance after conviction or adverse sentence." *Id.* (internal quotation marks and citation omitted). The question is "whether an attorney's

representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (quoting *Strickland*, 466 U.S. at 690).

With respect to prejudice, defendant "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington*, 562 U.S. at 104 (internal quotation marks and citation omitted). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks and citation omitted). It is "not enough" to show that counsel's errors had *some* conceivable effect on the outcome; rather counsel's errors "must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* (quoting *Strickland*, 466 U.S. at 687). Only when the likelihood of a different outcome is "substantial, not just conceivable," has the defendant met *Strickland's* demanding standards. *Gulbrandson*, 738 F.3d at 988 (quoting *Harrington*).

A defendant's speculation fails to satisfy the prejudice standard. For example, speculation about what witnesses might have said falls short. *Djerf v. Ryan,* 931 F.3d 870, 881 (9th Cir. 2019), *citing Bragg v.*

4

*Galaza,* 242 F.3d 1082, 1088 (9th Cir. 2001). So does speculation about what experts might have opined, *Grigsby v. Blodgett,* 130 F.3d 365, 373 (9th Cir. 1997), or about alternative plea offers the government might have made. *Clark v. Lewis,* 1 F.3d 814, 823 (9th Cir. 1993). Similarly, unproven speculation about a defendant's mental health issues or medical conditions does not establish prejudice. *See, e.g. Bible v. Ryan,* 571 F.3d 860, 871 (9th Cir. 2009) (rejecting a habeas attack on defense counsel based on speculation that the defendant had an organic brain disorder).

## II.   *Failure to Investigate or Discover Mitigating Facts.*

Rizk may claim that counsel failed to adequately investigate the facts of the case or to discover and present mitigating facts. Such claims are reviewed under the two-part *Strickland* test. To prevail, the defendant must show that counsel's performance was unreasonable under prevailing professional standards, and that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694).

5

Counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. That includes a duty to investigate important defenses, and to adequately "investigate and introduce into evidence records that demonstrate factual innocence, or that raise sufficient doubt on that question to undermine confidence in the verdict." *Bragg*, 242 F.3d at 1088. However, the duty to investigate and prepare a defense "is not limitless," and "does not necessarily require that every conceivable witness be interviewed." *Id.* (internal quotation marks and citation omitted). *See also Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir. 1995) (while the Sixth Amendment "requires an attorney to look for evidence that corroborates the defense he pursues," it does not require counsel to hunt down "marginally relevant and indirectly beneficial evidence"). Failure to interview a potential witness does not establish ineffective assistance when that person's account "is otherwise fairly known to defense counsel." *Bragg*, 242 F.3d at 1088 (internal quotation marks and citation omitted). "When the record clearly shows that the lawyer was well-informed, and the defendant fails to state what additional information would be gained by the discovery he or she now

6

claims was necessary, an ineffective assistance claim fails." *Id.* Similarly, failure to interview or call a potential witness does not amount to ineffective assistance where there is "no evidence" that the witness "would have provided helpful testimony for the defense." *Dows*, 211 F.3d at 486. On the other hand, a complete failure to investigate the defendant's "most important defense" constitutes deficient performance. *Sanders v. Ratelle*, 21 F.3d 1446, 1457 (9th Cir. 1994) (failure to investigate and pursue evidence that someone other than the defendant shot the victim). Ineffective assistance claims based on a failure to investigate "must be considered in light of the strength of the government's case." *Bragg*, 242 F.3d at 1088 (internal quotation marks and citation omitted). *See also Hart v. Gomez*, 174 F.3d 1067, 1072 (9th Cir. 1999) (same).[1]

---

[1] Failure to adequately investigate cannot be considered a strategic or tactical decision. *See Vega v. Ryan*, 757 F.3d 960, 968 (9th Cir. 2014) (failing to interview or call a witness to whom the victim in a sexual abuse case recanted could not be considered a strategic decision because counsel did not even know about the recantation until after trial); *Sanders*, 21 F.3d at 1457 (whatever decision counsel made about calling a witness who could exonerate the defendant was not an informed one, and thus could not be deemed strategic).

The Third Circuit Court of Appeals recently affirmed the decision of retired United States District Court Judge John E. Jones, III when he denied a 2255 motion without holding an evidentiary hearing. In *United States v. Brunson*, No. 20-3587 (June 1, 2023)(non-precedential), the Court of Appeals observed that:

> Section 2255 directs a district court to conduct promptly an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." To show ineffective assistance of counsel, a movant must demonstrate their counsel's performance was deficient and the deficiency prejudiced the movant. Thus, a hearing is not required where "a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant."

*Brunson* at p. 4.

The Court of Appeals agreed with Judge Jones that Brunson failed to establish at step one that counsel's performance was deficient and, consequently, no evidentiary hearing was required. *Brunson* at p. 6. The Court of Appeals relied upon previous decisions in *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (recognizing that counsel need not pursue every legal strategy but may "focus on some issues to the exclusion of others"), *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 688–89); *Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to

8

plausible options are virtually unchallengeable."), and *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005).

Here the United States posits that regardless of whether this court reviews the claims in order, e.g., deficiency then prejudice, or in reverse order, Rizk does not meet his burden. The evidence of the defendant's guilt was overwhelming. Rizk's testimony was so mendacious that he earned the rarely applied two-level increase under U.S.S.G. § 3C1.1 for obstruction of justice. In fact, this court described Rizk's testimony as both "clearly premeditated deceit" and "a well thought out intricate series of lies squarely contradicted by the testimony of witnesses", a conclusion validated by the Third Circuit Court of Appeals when it affirmed Rizk's conviction and sentence. *United States v. Rizk*, 758 F. Appx. 276, 278 (3d Cir. 2019). Decisions made by counsel regarding what to pursue and not pursue in light of the strength of the government's case are presumed reasonable. None of the 24 claims advanced by Rizk show that counsel erred, let alone that counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. As stated earlier, the standard that Rizk must meet is both "rigorous" and "highly demanding," and requires a showing of "gross incompetence" on counsel's part.  Under

9

*Strickland*, counsel's representation must be only objectively reasonable, not flawless or to the highest degree of skill.

It is respectfully submitted that, based on Rizk's asserted claims, he has failed to establish *either* component – deficient performance or prejudice – and therefore this Court must dismiss the claim. *United States v. Sanchez-Cervantes,* 282 F.3d 664, 672 (9th Cir. 2002).

## III. CONCLUSION

**WHEREFORE,** it is respectfully requested that this court deny the defendant's motion of relief pursuant to 28 U.S.C. § 2255.

                                            Respectfully submitted,

                                            GERARD M. KARAM
                                            United States Attorney

Dated: June 1, 2023          BY:   <u>s/William A. Behe</u>
                                             WILLIAM A. BEHE
                                             PA - 32284
                                             Assistant U.S. Attorney
                                             Sylvia Rambo US Courthouse
                                             1501 North 6th Street, Box 202
                                             Harrisburg PA, 17102
                                             Phone: (717) 221-4482
                                             Fax: (717) 221-4582
                                             William.behe@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CR. NO. 1:16-CR-00214 |
| | : |
| v. | : (Chief Judge Conner) |
| | : |
| MOHAMMED RIZK | : (Filed Electronically) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers. That this 1st day of June 2023, she served a copy of the attached

UNITED STATES' BRIEF REGARDING STANDARDS OF REVIEW APPLICABLE TO DEFENDANT'S MOTION
PURSUANT TO 28 U.S.C. § 2255

by electronic means by sending a copy to the e-mail addresses stated below:

Sarah Hyser-Staub: sstaub@mcneeslaw.com


Dated: 06/01/2023                         s/*Ashley Lubold*
                                          ASHLEY LUBOLD
                                          Legal Assistant